**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SEAN C.,

                Claimant,

       v.

MARTIN O'MALLEY,[2]
Commissioner of Social Security,

              Respondent.

No. 21 C 6276

Magistrate Judge Jeffrey T. Gilbert

**MEMORANDUM OPINION AND ORDER**

Sean C.[1] ("Claimant") appeals the final decision of Respondent Martin O'Malley,[2] Commissioner of the Social Security Administration ("Commissioner"), denying his application for supplemental security income. For the reasons set forth below, Claimant's Brief in Support of his Motion to Reverse the Decision of the Commissioner of Social Security [ECF No. 13] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 18] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his or her full first name and the first initial of the last name.

[2] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## BACKGROUND

On May 3, 2019, Claimant protectively filed an application for supplemental security income, alleging a disability beginning on May 3, 2019. (R.13). His claim was denied initially and on reconsideration, and Claimant then requested a hearing. (R.13). Administrative Law Judge ("ALJ") Michael Hellman held a telephone hearing on December 4, 2020, and issued a decision on April 14, 2021, finding Claimant was not disabled. (R.13-26). The Appeals Council declined to review the ALJ's decision (R.1-6), and therefore, the ALJ's decision is considered the final decision of the Commissioner. Judicial review of that final decision by this Court is authorized by the Social Security Act, 42 U.S.C. § 405(g).

## DISCUSSION

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for

determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

In this case at step one, the ALJ found that Claimant had not engaged in substantial gainful activity since May 3, 2019, the application date. (R.15). At step two, the ALJ found Claimant has the following severe impairments: bipolar disorder, anxiety disorder, panic disorder, and alcohol abuse. (R.15). At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R.17). The ALJ then determined Claimant has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: "understanding, remembering, and carrying out no more than simple instructions; performing no more than routine, repetitive tasks; adapting to changes and/or stressors associated with no more than simple, routine work; making no more than simple decisions; never interacting with the public; interacting no more than occasionally with supervisors or coworkers; never performing work with high production quotas such as on an assembly line; performing work that can be learned orally or demonstration rather than by writing;

3

never climbing ladders, ropes, or scaffolds; and avoiding all use of hazardous machinery and exposure to unprotected heights." (R.19). At step four, the ALJ concluded that Claimant is not able to perform any past relevant work. (R.24). At step five, the ALJ found that jobs exist in significant numbers in the national economy that Claimant can perform, and thus he is not disabled. (R.25).

Claimant asserts two arguments challenging the ALJ's decision, including: (1) substantial evidence does not support the ALJ's assessment of Claimant's RFC; and (2) substantial evidence does not support the ALJ assessment of Claimant's subjective complaints.[3] The RFC is the "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *Madrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022); *Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020). The RFC is a determination of the maximum work-related activities a claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004) (citations omitted). Social Security regulations require that the RFC assessment is "based on all the relevant evidence in the record." *Id.* at 1001, citing 20 CFR § 404.1545(a)(1).

When crafting the RFC in this case, the ALJ relied substantially on the opinions of the state agency psychological consultants. The ALJ specifically stated:

---

[3] In his opening brief, Claimant also asserted an argument that he was entitled to reversal and remand due to the unconstitutional appointment of Andrew Saul as the Commissioner of Social Security. Claimant subsequently filed a Notice of Withdrawal of Constitutional Argument [EFC No. 17].

> As for the opinion evidence, the State Agency psychological consultants opined that the claimant could understand, remember, and carry out simple instructions and perform routine, repetitive tasks; could adapt to changes and/or stressors associated with simple, routine work; could make simple decisions; should not interact with the public and could only occasionally interact with supervisors and co-workers; could not perform work with high production quotas such as on an assembly line; and could perform work that can be learned orally or by demonstration rather than in writing (B1A; B3A). These opinions are substantially persuasive because they are consistent with the claimant having limitations in the corresponding areas. However, new evidence of the claimant's medication apparently causing some sedation justify the climbing and hazard limitations as a precaution.

(R.23). The ALJ, however, did not address the consultants' opinion that Claimant only could "tolerate coworkers and supervisors in non-public settings in which interactions are brief, superficial and task-oriented" and did not include those limitations in his RFC determination. (R.98,119). The law is clear that an ALJ is not required to address every piece of evidence or testimony presented. *Gedatus v. Saul*, 994 F.3d 893, 901 (7th Cir. 2021) ("True, the ALJ's summary does not mention every detail. But it need not."). But it also is well-settled that an ALJ cannot cherry pick which evidence to evaluate and disregard other relevant evidence. *Scrogham v. Colvin,* 765 F.3d 685, 696-99 (7th Cir. 2014). Although the ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, he must build a logical bridge from the evidence to his conclusion. *Warnell v. O'Malley*, 97 F. 4th 1050, 1054 (7th Cir. 2024); Minnick *v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).

The Court agrees with Claimant that the ALJ erred in failing to explain why, after finding the consultants' opinions substantially persuasive, he only limited Claimant to "interacting no more than occasionally with supervisors or coworkers"

(R.19) and did not also adopt limitations consistent with the consultants' opinions that Claimant could "tolerate coworkers and supervisors in non-public settings in which interactions are brief, superficial and task-oriented" (R.98,119). In other words, the ALJ incorporated into Claimant's RFC limitations on the frequency of interactions with supervisors and co-workers but not the substance of those interactions about which the consultants also opined. S*ee Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000) (holding that ALJ must explain why he accepts certain limitations that a psychological consultant proposes while simultaneously rejecting other proposed limitations); *James v. Colvin*, 2015 WL 5829750, at *7 (N.D. Ill. Oct. 5, 2015) (remanding "an ALJ may not adopt some portions of a medical opinion without explaining why he rejected others").

The Commissioner contends the ALJ did not err in not fully adopting the state agency consultants' opinions that Clamant could "tolerate coworkers and supervisors in non-public settings in which interactions are brief, superficial and task-oriented" because at the end of their opinions the consultants stated that "evidence did not support significant improvement or worsening in [Claimant's] condition since an ALJ last made a decision about [Claimant's] ability to perform work activities and, therefore, adoption of that prior ALJ decision was applicable." Commissioner's Brief [ECF No. 19], at 5 (citing R.99,120). The ALJ, however, did not discuss those portions of the consultants' opinions, and the Court cannot speculate why the ALJ found that Clamant could tolerate "interacting no more than occasionally with supervisors or coworkers" (R.19) without discussing or adopting the consultants' opinions that

Clamant could "tolerate coworkers and supervisors in non-public settings in which interactions are brief, superficial and task-oriented" (R.99, 120). The Court agrees with Claimant that the Commissioner's argument (though perhaps reasonable and potentially plausible) is an impermissible post-hoc rationalization that the Court cannot consider. *See Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013) (remanding "because the ALJ did not employ the [Commissioner's] rationale in his opinion").

While an ALJ is not required to adopt any single medical opinion as the evidentiary basis for the RFC, once the ALJ finds an opinion substantially persuasive and adopts almost all of the limitations set forth in a consultant's opinion, the ALJ is required to explain why he finds certain functional restrictions persuasive and includes them in the RFC and not others, such as the limitation in this case that Claimant have only brief, superficial, and task-oriented interaction with coworkers and supervisors. *See Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000); *McKinzey v. Astrue*, 641 F.3d 884, 891-92 (7th Cir. 2011). Further explanation from the ALJ is required in this case particularly in light of other consistent evidence in record that Claimant had difficulty interacting with his supervisors in previous employment, including Claimant's testimony that criticism and perceived unjust accusations frustrated him and triggered aggression.[4]

---

[4] *See also* Claimant's Brief [ECF No. 13], at 5, citing R.49 (Claimant was fired from Walmart for threatening his boss after being reprimanded for eating); R.50 (Claimant had multiple reprimands and "temper spats" while working at Menard's); R.51 (Claimant walked-out on a job after hitting a glass door, knocking it down, because he lost his temper due to being reprimanded).

7

Moreover, it is not clear if a greater limitation in Claimant's ability to interact with potential supervisors and/or co-workers would impact the availability of jobs Claimant could perform. This is an important issue not addressed by the ALJ in formulating Claimant's RFC. The ALJ's failure to address the issue means the Court cannot conclude the ALJ's decision is supported by substantial evidence. Therefore, remand is required so the ALJ can directly consider this evidence, potentially present it to the vocational expert, and for further explanation that addresses the Court's concerns discussed herein.

Because this issue is dispositive and the case is being remanded, the Court need not address Claimant's remaining arguments. On remand, however, the Court encourages the ALJ to clarify why he did not include an off-task limitation in the RFC after he discussed this limitation with the vocational expert and to evaluate the complete record and build a legally acceptable logical bridge between the evidence in the record and his ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672 (7th Cir. 2009); *Smith v. Apfel*, 231 F.3d 433 (7th Cir. 2000).

## CONCLUSION

For the reasons set forth above, Claimant's Brief in Support of his Motion to Reverse the Decision of the Commissioner of Social Security [ECF No. 13] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 18] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: June 17, 2024